COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.  2-05-202-CR

 

 

DAVID THOMAS GRIFFITH V                                                 APPELLANT

A/K/A
DAVID GRIFFITH

 

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant David Thomas
Griffith V appeals from his conviction and sixty-year sentence for murder in
the stabbing death of Chris AElmo@
Valdez.  In two points, Appellant argues
that the trial court erred by failing to grant his motion for new trial based
on newly-discovered evidence and by admitting the blood-stained murder knife
into evidence.  We affirm.








                                            Background

Appellant and his friend Elmo
lived in a trailer park in south Tarrant County.  On the evening of May 7, 2004, a crowd
gathered in the trailer park, drinking beer and smoking marijuana.  Elmo was engaged in conversation with
Appellant=s
father.  Appellant approached the pair
and confronted Elmo.  Elmo said, AI=m not going
to fight you@ and turned
his back on Appellant.  Appellant then
grabbed Elmo from behind and stabbed him in the chest.  Appellant fled while Elmo, pulling the knife
from his own chest, fell to the ground and died.  A grand
jury indicted Appellant for murder.  He
initially pleaded Anot guilty@ but changed his plea to Aguilty@ in the
middle of trial.  The jury ultimately
assessed punishment at sixty years= confinement. 

                                      Motion for New Trial

In his first point, Appellant
argues that the trial court erred by failing to grant his motion for new trial
based on newly-discovered evidence.  The
evidence in question is an affidavit from Appellant=s aunt, Maggie Savage.  Savage
states that she observed an altercation between Appellant and Elmo on the day
before the killing.  Both men held knives.  Appellant=s father broke up the fight and told Savage to take Appellant into her
mobile home.  As she did so, she heard
Elmo say to Appellant=s father, AI=m going to
get your boy.@  Appellant argues that Savage=s testimony would mitigate punishment. 








A new trial shall be granted
to an accused where material evidence favorable to the accused has been
discovered since trial.  Tex. Code Crim. Proc. Ann. art. 40.001
(Vernon Supp. 2005).  A trial court has
discretion to decide whether to grant a new trial based upon newly-discovered
evidence, and its ruling will not be reversed absent an abuse of discretion.  Keeter v. State, 74 S.W.3d 31, 37 (Tex.
Crim. App. 2002).  Under the test
articulated by the court of criminal appeals, to establish an abuse of
discretion in the failure to grant a new trial based on newly-discovered
evidence, the appellant must show that (1) the evidence was unknown to him
before trial, (2) his failure to discover the evidence was not due to a lack of
diligence, (3) it is probably true, and its materiality will probably bring
about a different result upon a new trial, and (4) it is competent, not merely
cumulative, corroborative, collateral, or impeaching.  See id. at 36-37.  Motions for new trial based upon
newly-discovered evidence are not favored by the courts and are viewed with
great caution.  Drew v. State, 743
S.W.2d 207, 225 (Tex. Crim. App. 1987).








Appellant=s Anewly-discovered@ evidence fails the Keeter test on at least two of the four
elements.  According to Savage=s affidavit, she was ushering Appellant into her home when she heard
Elmo say, AI=m going to get your boy.@  At the very least, Appellant
knew that Savage was a witness to the altercation on the day before the
killing, even if he did not know that she heard Elmo utter the threat.  Therefore, Appellant has not shown that his
failure to discover Savage=s testimony was not due to a lack of diligence as required by the
second element of the Keeter test. 
Moreover, in his own recorded statement to police, Appellant stated that
Elmo had threatened him with a knife, and the State played the recorded
statement to the jury.  Thus, the jury
heard that Elmo had threatened Appellant, and Appellant cannot show that similar
evidence from another witness would bring about a different result at a new
trial as required by the third element of the Keeter test.  We therefore hold that the trial court did
not abuse its discretion by denying Appellant=s motion for new trial, and we overrule his first point.

                                Admission of
Murder Weapon

In his second point,
Appellant argues that the trial court erred by admitting into evidence the
bloody hunting knife with a seven-inch blade he used to kill Elmo over
Appellant=s objection
that the knife=s probative
value was substantially outweighed by the danger of unfair prejudice and that
it was cumulative of other evidence. 








We review the trial court=s admission of evidence for abuse of discretion.  Montgomery v. State, 810 S.W.2d 372,
379 (Tex. Crim. App. 1990).  Rule 403 of
the Texas Rules of Evidence provides that relevant evidence Amay be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.@  Tex.
R. Evid. 403.  A rule 403 analysis
by the trial court should include, but is not limited to, the following
considerations:  (1) the probative value
of the evidence; (2) the potential of the evidence to impress the jury in some
irrational, yet indelible way; (3) the time the proponent needs to develop the
evidence; and (4) the proponent=s need for the evidence.  See
Erazo v. State, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).








Appellant had already changed
his plea from Anot guilty@ to Aguilty@ by the time the State offered the knife into evidence.  The trial court had also admitted, without
objection, a photograph of the bloody knife at the crime scene.  The State argues that the knife itself had
probative value as punishment-phase evidence because the size and style of the
knife, coupled with the brutal manner with which Appellant used it to kill the
victim, was relevant to sentencing and whether Appellant was an appropriate
candidate for community service.  We
agree.  The manner and weapon by which a
defendant commits a murder is relevant to sentencing.  See, e.g., Williams v. State,
958 S.W.2d 186, 191 (Tex. Crim. App. 1997) (holding that defendant=s choice of weapon and brutal manner of attack supported jury=s punishment verdict).  The size
of the knife is not apparent from the photograph; thus, the knife itself was
probative evidence and was not merely cumulative of the photograph.

We see no potential for the
knifeCthe actual murder weaponCto have impressed the jury in some irrational way.  The State spent a minimal amount of time
developing the evidence and mentioned the knife but briefly in closing
argument.  As we have already noted, the
photograph of the knife does not convey its size; thus, the State had a need to
offer the knife itself into evidence.

In light of the foregoing
factors, we cannot say that the trial court abused its discretion by ruling
that the knife=s probative
value outweighed the danger of unfair prejudice and that the knife was not
merely cumulative of other evidence.  We
therefore overrule Appellant=s second point.

                                             Conclusion

Having overruled Appellant=s two points, we affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 29, 2006











[1]See Tex. R. App. P. 47.4.